# EXHIBIT A

**EXHIBIT A TO DECLARATION OF G. KNOPP,  PAGE 2**

## Petersen, Christopher

| | |
|---|---|
| **From:** | Knopp, Greg |
| **Sent:** | Friday, February 24, 2012 12:04 PM |
| **To:** | Max Folkenflik |
| **Cc:** | Nash, Dan; Diaz, Estela; Petersen, Christopher |
| **Subject:** | Morris v. Ernst & Young |
| **Attachments:** | 2012-02-24 G. Knopp to M. Folkenflik re Stephen Morris' Complaint.pdf |

Max,

Please see the attached letter. Thanks.

Greg

**Gregory W. Knopp**
AKIN GUMP STRAUSS HAUER & FELD LLP

2029 Century Park East | Suite 2400 | Los Angeles, CA 90067-3010 | USA | Direct: +1 310.552.6436 | Internal: 46436
Fax: +1 310.229.1001 | Mobile: +1 310.948.8340 | gknopp@akingump.com | akingump.com | Bio

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
Attorneys at Law

GREGORY W. KNOPP
310.552.6436/1.310.229.1001
gknopp@akingump.com

February 24, 2012

VIA EMAIL

Max Folkenflik
Folkenflik & McGerity
1500 Broadway, 21st Floor
New York, NY 10036

    Re:    *Morris v. Ernst & Young*

Dear Max:

    We have received the complaint Stephen Morris filed in federal court in New York. We write pursuant to Rule 11 of the Federal Rules of Civil Procedure to inform you that the claim Morris asserts under the Fair Labor Standards Act ("FLSA") is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

    This is true because the claim is plainly barred by the applicable statute of limitations. An action for unpaid overtime wages under the FLSA must be commenced, at most, within three years of when the cause of action accrued. *See* 29 U.S.C. § 255(a); Complaint ¶ 1 (asserting FLSA claim on behalf of individuals who worked for Ernst & Young since 2009). As alleged in the complaint, Morris stopped working for Ernst & Young in February 2007 (Complaint ¶ 12), and thus any claim for overtime pay accrued at least five years ago. Yet he did not file this lawsuit until February 2012. Because Morris commenced this action more than three years after his FLSA claim accrued, that claim is barred.[1]

---

[1] The tolling agreement in *Sutherland* has no impact on Morris's claim, which was time-barred by February 2010, before Sutherland even commenced her lawsuit.

2029 Century Park East / Suite 2400 / Los Angeles, CA 90067-3012 / 310.229.1000 / fax: 310.229.1001 / www.akingump.com
202105951 v1

**EXHIBIT A TO DECLARATION OF G. KNOPP, PAGE 4**

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Max Folkenflik
February 24, 2012
Page 2

    Please immediately amend Morris's complaint to withdraw the claim that he asserts under the FLSA. If Ernst & Young is forced to expend any resources to obtain dismissal of the time-barred claim, it will seek all appropriate sanctions under Rule 11. Thank you.

                                Sincerely,

                                Gregory W. Knopp