1  H. TIM HOFFMAN, (State Bar No. 49141)
   ROSS L. LIBENSON, (State Bar No. 181912)
2  HOFFMAN LIBENSON SAUNDERS & BARBA
   180 Grand Avenue, Suite 1550
3  Oakland, CA  94612
   Telephone:  (510) 763-5700
4  Facsimile:  (510) 835-1311

5  *Counsel for Plaintiffs*

6  GREGORY W. KNOPP (SBN 237615)
   CHRISTOPHER PETERSEN (SBN 260631)
7  AKIN GUMP STRAUSS HAUER & FELD LLP
   2029 Century Park East, Suite 2400
8  Los Angeles, CA 90067-3012
   Telephone: 310-229-1000
9  Facsimile: 310-229-1001

10  Attorneys for Defendants

11
                    UNITED STATES DISTRICT COURT
12
                   NORTHERN DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| STEPHEN MORRIS and KELLY McDANIEL, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ERNST & YOUNG, LLP, and ERNST & YOUNG U.S., LLP,<br><br>                    Defendants. | Case No. 12-cv-04964-RMW (HRL)<br><br>[Assigned for all purposes to Judge Ronald M. Whyte]<br><br>**SECOND STIPULATION AND [~~PROPOSED~~] ORDER TO EXCEED APPLICABLE PAGE LIMIT FOR MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY PROCEEDINGS AND COMPEL ARBITRATION BRIEFING**<br><br>Date:  February 15, 2013<br><br>Time:  9:00 a.m.<br><br>Ctrm:  6 |

SECOND STIPULATION AND [~~PROPOSED~~] ORDER TO EXCEED APPLICABLE PAGE LIMIT FOR MOTION TO DISMISS, OR
IN THE ALTERNATIVE, STAY PROCEEDINGS AND COMPEL ARBITRATION BRIEFING
Case No. 12-cv-04964-RMW (HRL)

1    WHEREAS the parties have met and conferred and agreed to each exceed the applicable page

2    limit for the opposition and reply briefing to the Defendants' **MOTION TO DISMISS, OR IN THE**

3    **ALTERNATIVE, STAY PROCEEDINGS AND COMPEL ARBITRATION** by ten (10) pages.

4    WHEREAS a  Stipulation and [Proposed] Order To Exceed Applicable Page Limit For Motion

5    To Dismiss, Or In The Alternative, Stay Proceedings and Compel Arbitration Briefing (the

6    "Stipulation") was filed on January 23, 2013 (Dkt. No. 43).

7    WHEREAS the Court denied without prejudice to re-file the Stipulation for failure to include in

8    the Stipulation the reasons, consistent with Civil Local Rule 7-11(a), for seeking to exceed the page

9    limits (Dkt. No. 46).

10    WHEREAS Plaintiffs believe the reasons necessary to submit a memorandum exceeding the

11    page limit up to an additional ten (10) pages includes a significant and extensive judicial history

12    interpreting the very arbitration agreement at issue that was not addressed in Defendants' motion.  This

13    includes, Plaintiffs maintain, finding the subject agreement unenforceable in circumstances which

14    while different in some respects are sufficiently similar to control the result here.  Hence, the need for

15    additional pages to address the numerous issues include the following reasons:

16        1.  First, the agreement Defendants seek to enforce does not provide for shifting of costs and

17            expense, or in other words allow for arbitrator discretion, where the relevant statutes

18            unconditionally require costs and expenses to be shifted to the employer.  See,  *Sutherland*

19            *v. Ernst & Young* LLP, 768 F.Supp.2d 547 (S.D.N.Y. 2011) ("Sutherland I"); *Sutherland v.*

20            *Ernst & Young* LLP, 2012 U.S. Dist. LEXIS 5024 (S.D.N.Y. January 13, 2012) ("Sutherland

21            II");

22        2.  Second, the history includes this Court's finding of waiver by Defendant of a claim to

23            arbitration in *Ho v. Ernst & Young,* LLP, a putative class action in which both Plaintiffs

24            were putative class members and which Plaintiff Morris participated, *inter alia*, by giving a

25            declaration and sitting for a deposition.  See, *Ho v. Ernst & Young, LLP*, 2011 U.S. Dist.

26            LEXIS 106658 (N.D. Cal. Sept. 20, 2011), *Order Denying Motion for Leave to Move For*

27            *Reconsideration* (*Ho Dkt. No.* 302, October 19, 2011).  Whether such wavier applies to all

2

28

putative class members, or at least to those, like Mr. Morris, who specifically identified his personal dispute with Defendant and was subjected to discovery, apparently is an issue of first impression;

3. Third, the cost of proceeding in individual arbitration proceedings under the arbitration agreements at issue here have been found to be so high that individual arbitration would not allow the participants to "effectively vindicate their statutory rights."  See  *Sutherland I* and  *Sutherland II.*  Where arbitration must be conducted on an individual basis, but class proceedings in Court would allow those statutory rights to be vindicated. See also, *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchs. Litig.)*, 667 F.3d 204 (2d Cir. 2012)("*Amex III*"), *Nat'l Supermarkets Assoc. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 634 F.3d 187, 2011 U.S. App. LEXIS 4507 (2d Cir., 2011)("*Amex II*"), and *In re Am. Express Merchs. Litig.*, 554 F.3d 300 (2d Cir. 2009)("*Amex I*")(collectively hereinafter the "*Amex Trilogy*"); *Coneff v. AT&T Corp.*, 673 F.3d 1155, 1159 (9th Cir. Wash. 2012);

4. Fourth, Plaintiffs maintain the findings in *Sutherland II* could be collateral estoppel;

5. Fifth, Plaintiffs maintain the National Labor Relations Board holding in *D.R. Horton, Inc. v. Cuda*, NLRB Case No. 12-CA-25764, 357 NLRB No. 184, (Jan. 3, 2012) that a class/collective action waiver imposed in an agreement required as a condition of employment to be a violation of Section 7 of the National Labor Relations Act and a violation of the *Norris LaGuardia Act* deserves deference.  Accordingly, Plaintiffs need to address those issues; and

6. Sixth, the Plaintiffs will seek to address the issue of waiver not only as a choice of law issue as touched upon in *Ho v. Ernst & Young, LLP*, 2011 U.S. Dist. LEXIS 106658 (N.D. Cal. Sept. 20, 2011), but also the separate issue of waiver by moving to compel arbitration only after seeking to transfer this matter from a sister court and then seeking to relate the matter to other cases.

SECOND STIPULATION AND [~~PROPOSED~~] ORDER TO EXCEED APPLICABLE PAGE LIMIT FOR CLASS CERTIFICATION BRIEFING

Case No. 12-cv-04964-RMW (HRL)

1    WHEREAS, Defendants do not oppose Plaintiffs' request for additional pages, but seek an

2 equal extension for the reply in the event the Court grants Plaintiffs' request.

3    THEREFORE IT IS HEREBY STIPULATED by and between the parties hereto through their

4    respective undersigned counsel that:

5    1.    Plaintiffs shall have up to thirty-five (35) pages for their Memorandum of Points and

6 Authorities In Opposition to Defendant's Motion To Dismiss, Or In the Alternative, Stay Proceedings

7 and Compel Arbitration; and

8    2.    Defendants shall have up to twenty-five (25) pages for their Memorandum of Points and

9 Authorities In Reply to Plaintiffs' To Memorandum of Points and Authorities In Opposition to

10 Defendant's Motion To Dismiss, Or In the Alternative, Stay Proceedings and Compel Arbitration.

11

12 Dated: January 24, 2013                   _____/s Ross L. Libenson_____
                                             Ross L. Libenson
13                                           HOFFMAN LIBENSON SAUNDERS & BARBA
                                             Attorney for Plaintiffs
14

15 Dated: January 24, 2013                   _____/s Gregory W. Knopp_____
                                             GREGORY W. KNOPP
16                                           AKIN GUMP STRAUSS HAUER &
                                             FELD LLP
17                                           Attorney for Defendant

18                         (*This stipulation has been approved by Gregory W. Knopp*)

19    Because the court has agreed to extend the filing deadline for the opposition papers to Monday,

20 January 28, the court likewise extends the filing deadline for the reply papers to Monday, February 4.

21

22

23                                       **ORDER**

PURSUANT TO STIPULATION IT IS SO ORDERED.
24

25 Dated: __January 25_____, 2013

26                                           United States District Judge

27

28

4

SECOND STIPULATION AND [~~PROPOSED~~] ORDER TO EXCEED APPLICABLE PAGE LIMIT FOR CLASS CERTIFICATION
BRIEFING
Case No. 12-cv-04964-RMW (HRL)