Hon. Candace Cooper [Ret.]
JAMS
555 W. Fifth Street, 32d Flr.
Los Angeles, CA 90013
Tel: 213-620-1133
Fax: 213-620-0100
ccooper@jamsadr.com

## JAMS ARBITRATION
## CASE REFERENCE NO. 5220001308

| | |
|---|---|
| STEPHEN MORRIS,<br><br>　　　　　　Claimant,<br><br>v.<br><br><br>ERNST & YOUNG LLP,<br><br>　　　　　　Respondent. | ORDER RE<br>MOTION TO DISMISS |

### Introduction

On August 18, 2023, Respondent, Ernst & Young LLP ("Respondent" or "EY"), submitted a Motion to Dismiss all of Claimant, Stephen Morris's ("Claimant" or "Morris") Fair Labor Standards Act ("FLSA") and California Labor Code causes of action. According to EY, Morris's claims were time-barred by the time he submitted his Demand for Arbitration on July 22, 2022. Morris submitted his Opposition to EY's Motion on September 22, 2023, and on October 5, 2023, EY submitted its Reply. EY also submitted a Request for Judicial Notice with its Motion on August 18, 2023, and on October 18, 2023, EY submitted a letter brief with two cases attached that concerned arguments that Morris presented at the Motion to Dismiss hearing.

That Motion to Dismiss hearing was held via Zoom on October 16, 2023, PST at 12:30 p.m. At the hearing, the parties were represented by counsel of record.

Having heard and considered counsel's arguments at the hearing, read and considered the parties' arguments in their briefs, and conducted the legal research necessary to resolution of the instant dispute, the Arbitrator hereby issues the following order on EY's Motion to Dismiss.

**Facts**

Morris worked for EY from January 2005 to February 2007. On February 2, 2012, Morris filed a putative class and collective action in federal court in New York, claiming that EY had misclassified him and other employees as exempt from California and federal overtime laws. The New York court transferred the case to the U.S. District Court for the Northern District of California.

In January 2013, EY moved to compel Morris to arbitrate his claims on an individual basis pursuant to the firm's Common Ground Dispute Resolution program (the "Common Ground" program), to which Morris had assented at the outset of his employment. The District Court granted the motion. In August 2016, the Ninth Circuit reversed the District Court's decision, crediting Morris's argument that the agreement's class action waiver was unenforceable.

EY then petitioned for a writ of *certiorari*, which the Supreme Court granted. The Supreme Court reversed the Ninth Circuit's decision on May 21, 2018, finding the agreement enforceable. The Supreme Court issued its mandate on the case on June 22, 2018.

In July 2018, the District Court held a status conference. At that conference, EY asked the Court to dismiss Morris's lawsuit with prejudice and allow Morris to commence arbitration if he desired to pursue his claims any further. Morris asked the

2

Court to wait to take any action until the Ninth Circuit issued its mandate compelling arbitration or stay the action until the parties had completed arbitration. The Court stayed the action.

In January 2020, at the next status conference, EY again asked the Court to dismiss Morris's claims, contending that Morris had waived the right to pursue them in arbitration by taking no action for nearly two years. In response, Morris stated he intended to engage EY in settlement discussions and that waiver was for an arbitrator to decide.

In May 2022, the Court held another conference. EY again asked the Court to dismiss the action and stressed that Morris needed to pursue his claims in arbitration, if at all. The Court ordered Morris to commence arbitration "by no later than July 22, 2022." If he did not, the Court informed the parties that it would dismiss Morris's lawsuit with prejudice.

On July 22, 2022, Morris filed his Demand for Arbitration. In his Demand, Morris asserts the same causes of action as in his lawsuit.

## Discussion

*Choice of law*

Preliminarily, the undersigned must resolve the parties' dispute as to which law governs these proceedings. Morris contends that New York law applies, citing section V.G of the Common Ground program, which states:

> G. *Choice of Law Governing Program.* The Program, these procedures, and any arbitration award that may result from them shall be governed by the Federal

3

>Arbitration Act and, to the extent, if any, that such Act is held not to apply, to the state law, including judicial interpretations, applicable in the State of New York, provided that principles of conflicts of laws shall
>
>not be applied.

EY contends that either federal or California law applies, citing section IV.J of the Common Ground program, which states:

> J. *Law Applicable to Arbitration.* In deciding a Covered Dispute, the Arbitrator will apply the substantive law, including burdens of proof, that would be applied by a court in the venue of the arbitration. The Arbitrator may grant any relief that could be granted by such a court, but will have no power to grant any other relief.

No court has found the Federal Arbitration Act inapplicable to this arbitration. Indeed, to the contrary, the U.S. Supreme Court applied the FAA to the Common Ground program. (*See Epic Sys. Corp. v.* Lewis. (2018) 138 S.Ct. 1612.) Section V.G of the Common Ground program, therefore, does not apply. And, because Morris's claims against EY fall within the Common Ground program's definition of "Covered Disputes" at section 2.B and this arbitration has been brought in California, pursuant to section IV.J, the laws of the State of California apply to Morris's California-based claims and Ninth Circuit jurisprudence applies to Morris's FLSA claims. Statutes of limitations are considered part of the substantive law of a state. (*See Albano v. Shea Homes Ltd. Partnership* (9th Cir. 2011) 634 F.3d 524, 530.)

### *Legal standards – Motion to Dismiss*

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." (*Ashcroft v. Iqbal*

(2009) 556 U.S. 662, 678.) When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled. (*Jablon v. Dean Witter & Co.*) (9th Cir. 1980) 614 F.2d 677, 682.) When considering a motion to dismiss, a court (or arbitrator) may take judicial notice of court filings. (*See Kourtis v. Cameron* (9th Cir. 2005) 419 F.3d 989, 995 n.3.)

### *FLSA claims*

FLSA claims are subject to a two-year statute of limitations, which is extended to three years if a violation was "willful." (*Flores v. City of San Gabriel* (9th Cir. 2016) 824 F.3d 890, 906.) Morris last worked for EY in February 2007, so his claim accrued by that date. (*See Biggs v. Wilson* (9th Cir. 1993) 1 F.3d 1537, 1540 [explaining that statute of limitations for FLSA claim accrues "the day the employee's paycheck is normally issued, but isn't"].) As such, even assuming the maximum three-year period applies, Morris had until early 2010 to commence an action. He failed to do so, waiting until 2012 instead. His claim, therefore, is barred by the statute of limitations.

### *California state-law claims*

The longest limitations period relevant to Morris's claims is four years. (*See* Cal.Bus.&Prof.Code §17208 [four-year limitations period for unfair competition claims]; *see also Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1395 [three-year period governs claims for overtime pay, break violations, and waiting time penalties].) EY contends that the statute began running when the Supreme Court issued its mandate on June 22, 2018; thus, Morris's claims are all time-barred because he submitted his Demand for Arbitration on July 22, 2022 – four years and one month later.

Morris sets forth a variety of arguments as to why the statute of limitations does not bar his claims. He argues that (1) no statute of limitations applies to his claims because none is listed in the Common Ground program; (2) the statute of limitations was tolled until the Court set the July, 22, 2022 deadline; and as such, his Demand was timely filed; (3) the Common Ground program's mediation procedures tolled the statute of limitations; (4) EY was also obligated, pursuant to the Common Ground program, to initiate arbitration; and (5) the statute of limitations has already been decided by the District Court; thus it is now the law of the case, and the Arbitrator must follow it herein. For the reasons set forth below, none of these arguments have any merit.

First, while Morris is correct that the Common Ground program must be read to "give effect to the contractual rights and expectations of the parties" based on "the parties intentions," (*see Stolt-Nielsen S.A. v. AnimalFeeds Intl. Corp.* (2010) 559 U.S. 662, 682-83), the parties' intentions can be ascertained from the Common Ground program's plain language. As noted, *supra*, under the Common Ground program, when "deciding a Covered Dispute, the Arbitrator will apply the substantive law . . . that would be applied by a court in the venue of the arbitration." There is no limitation placed on the type of substantive law to which this provision applies. Thus, the provision is broad in scope, unambiguously including statutes of limitation. (*See Albano*, *supra*, 634 F.3d at 530.)

Morris points to the fact that this phrase in section IV.J specifically lists "burdens of proof," and statutes of limitation are not also listed. But "burdens of proof" is merely an example of substantive law that the parties intended to be "includ[ed]." Nothing in this provision indicates that the inclusion of "burdens of proof" was intended to exclude

6

the application of any other substantive law to Covered Disputes, such as statutes of limitation.

Further, it is a well-known maxim of contract interpretation that interpretations that would lead to absurd results are forbidden. (*See Revitch v. DirecTV, LLC* (9th Cir. 2020) 977 F.3d 718, 719 [holding that FAA does not preempt California's rule requiring that courts interpret contracts to avoid absurd results].) Here, based on Morris's interpretation, an arbitration agreement that does not explicitly call out that statute of limitations issues are within its purview, allows the parties to commence arbitrations until eternity. This would clearly be an absurd outcome and cannot stand.

Morris also argues that the statute of limitations on his California claims was tolled until the date the Court ordered him to submit his Demand for Arbitration. Morris cites no caselaw for this proposition, however. And based on the court record that the undersigned has judicially noticed, it is clear that the Court merely ordered that, if Morris did not commence arbitration promptly, it would dismiss the lawsuit as opposed to staying it pending the outcome of the arbitration proceedings. The Court's order had no bearing on statute of limitations issues.

Morris also argues that the Common Ground program's mediation procedures somehow impacted the statute of limitations. Specifically, Morris argues that because mediation was a pre-condition to arbitration, he rightfully did not commence this arbitration until attempting to mediate with EY on July 18, 2022. But nothing in the Common Ground mediation procedures suggests that engaging, or not engaging, in mediation would have any impact on the statute of limitations. Indeed, Morris cites no authority suggesting it does. Rather, section IV.B of the Common Ground program

7

merely states that "[i]f a party files a lawsuit relating to a Covered Dispute in violation of the terms of the Program, the other party may choose to proceed directly to [Arbitration] or to seek an order requiring the party who filed the lawsuit to satisfy the requirements of the Program."

Morris also attempts to place the blame on EY for not having initiated arbitration in a timely manner to avoid the inevitable legal outcome of EY's Motion. Specifically, Morris argues that EY had the obligation to commence this Arbitration itself; thus, he cannot be faulted for EY's omission. The Common Ground program only gives EY the right, but not the obligation, to initiate arbitration, however. (*See* Common Ground program, §IV.A ["If a Covered Dispute is not resolved in Phase I, *either party may choose* to proceed to binding arbitration."] [emphasis added].) Morris's argument is therefore unpersuasive.

Finally, Morris argues that the statute of limitations question has already been decided by the District Court; and as such, it is the law of the case. Specifically, Morris avers that, because EY asked the Court to dismiss Morris's claims, and in response to that request, the Court set a date by which Morris was required to commence arbitration, when Morris submitted his Demand for arbitration by the date that the Court had mandated, it was then decided that he complied with the required arbitration commencement date.

Morris's argument ignores several key facts. First, EY never made a motion to dismiss based on statute of limitations grounds before the District Court; thus, there is no statute of limitations law of the case. Indeed, the District Court did not have jurisdiction to rule on statute of limitations questions since this matter had been

8

compelled to arbitration. (*See Matson Plastering Co. v. Operative Plasterers & Cement Masons Int'l Assoc.* (9th Cir. 1980) 633 F.2d 1307, 1308 (9th Cir. 1980) ["[T]he district court had no jurisdiction to consider the merits of the underlying dispute . . . The district court's jurisdiction . . . was limited to deciding whether the dispute . . . was arbitrable."].)  And second, all the District Court was deciding was whether to dismiss the lawsuit or stay it pending outcome of arbitration, which was the context within which the Court set the July 22, 2022 Demand submission date. The Court's order requiring Morris to initiate arbitration by that date is therefore irrelevant to the undersigned's inquiry.

## Conclusion

Based on the foregoing, the undersigned Arbitrator rules as follows:

EY's Motion to Dismiss is SUSTAINED. Morris's causes of action under the FLSA and California law are barred by the applicable statutes of limitations.

EY's Request for Judicial Notice is GRANTED.

SO ORDERED:

December 31. 2023

_____
Hon. Candace D. Cooper (Ret.)
Arbitrator