**PROSKAUER ROSE LLP**
GREGORY W. KNOPP (SBN 237615)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310-557-2900
Facsimile: 310-557-2193
gknopp@proskauer.com

Attorneys for Defendant Ernst & Young LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MORRIS and KELLY McDANIEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ERNST & YOUNG LLP,<br><br>Defendant. | Case No. 12-CV-04964-JSW<br><br>[Assigned for all purposes to Judge Jeffrey S. White]<br><br>**ERNST & YOUNG LLP'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD**<br><br>Date: June 7, 2024<br>Time: 9:00 A.M.<br>Ctrm.: 5<br><br>Date Action Filed: February 2, 2012 |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ....................................................................................................3

    A. Morris's Lawsuit and EY's Motion to Compel Arbitration ............3

    B. Morris's Years-Long Delay In Commencing Arbitration ...............3

    C. EY's Motion To Dismiss .................................................................4

III. STANDARD OF REVIEW....................................................................................6

IV. ARGUMENT..........................................................................................................7

    A. The Arbitrator Applied The Correct Statutes Of Limitations..........7

        1. New York Law Does Not Supply The Statutes Of Limitations ................................................................................7

        2. The Agreement Incorporates The Statutes Of Limitations That Would Apply In Court....................................................8

    B. The Availability of Mediation Is Irrelevant...................................11

    C. The Court Did Not Decide EY's Statute Of Limitations Defense.12

V. CONCLUSION ....................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Albano v. Shea Homes Ltd. P'ship*,
  634 F.3d 524 (9th Cir. 2011) .................................................................................. 9

*Bank Julius Baer & Co. v. Waxfield Ltd.*,
  424 F.3d 278 (2d Cir. 2005) ................................................................................... 9

*Beagle v. Rite Aid*,
  No. C08-1517 PJH, 2009 WL 3112098 (N.D. Cal. Sept. 23, 2009) ..................... 12

*Burgers v. Zurich Am. Ins. Co.*,
  No. 22-55266, 2023 U.S. App. LEXIS 5728 (2d Cir. Mar. 10, 2023) ................... 9

*Cantor Fitzgerald, Inc. v. Lutnick*,
  313 F.3d 704 (2d Cir. 2002) ................................................................................... 9

*Clos La Chance Wines, Inc. v. AV Brands, Inc.*,
  No. 5:16-cv-0407-EJD, 2017 U.S. Dist. LEXIS 97702 (N.D. Cal. June 23,
  2017) ..................................................................................................................... 10

*Epic Sys. Corp. v. Lewis*,
  584 U.S. 497 (2018) ........................................................................................... 3, 8

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
  552 U.S. 576 (2008) ............................................................................................... 6

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*,
  341 F.3d 987 (9th Cir. 2003) (en banc) ................................................................. 6

*Lagstein v. Certain Underwriters at Lloyd's*,
  607 F.3d 634 (9th Cir. 2010) ......................................................................... 1, 2, 6

*Lamps Plus, Inc. v. Varela*,
  587 U.S. 176 (2019) ............................................................................................. 10

*Mastrobuono v. Shearson Lehman Hutton*,
  514 U.S. 52 (1995) ............................................................................................... 10

*Matson Plastering Co. v. Operative Plasterers & Cement Masons Int'l Assoc.*,
  633 F.2d 1307 (9th Cir. 1980) ............................................................................. 12

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
  473 U.S. 614 (1985) .................................................................................... 11, 13

*Morris v. Ernst & Young, LLP*,
  834 F.3d 975 (9th Cir. 2016) ................................................................... *passim*

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
  559 U.S. 662 (2010) ........................................................................................ 7, 10

*Topadzhikyan v. Glendale Pol'y Dep't*,
  Case No. CV 10-0387-JST, 2011 U.S. Dist. LEXIS 161008 (C.D. Cal. Aug. 4,
  2011) ............................................................................................................... 13

*Webb. v. Alpha & Omega Servs.*,
  5:16-CV-01609-RGK-KK, 2016 U.S. Dist. LEXIS 188985 (C.D. Cal. Nov. 14,
  2016) ................................................................................................................ 8

*Wellman v. Writers Guild of Am., W., Inc.*,
  146 F.3d 666 (9th Cir. 1998) ........................................................................... 10

**California Cases**

*Hambrecht & Quist Venture Partners v. Am. Med. Int'l, Inc.*,
  38 Cal. App. 4th 1532 (1995) ........................................................................... 9

*Ernst & Young LLP, et al. v. Stephen Morris, et al.*,
  Case No. 13-165999 JSW ................................................................................. 3

*Ho et al. v. Ernst & Young LLP*,
  Case No. 4:05-cv-04867 JSW ........................................................................... 4

**Federal Statutes**

Fair Labor Standards Act ("FLSA") ............................................................... *passim*

Federal Arbitration Act ("FAA") ..................................................................... *passim*

# I. INTRODUCTION

Stephen Morris claimed Ernst & Young ("EY") misclassified him as exempt from the Fair Labor Standards Act ("FLSA") and California overtime laws when he worked for the firm *17 years ago*. He filed a lawsuit against EY in 2012, despite having agreed to arbitrate his claims. In 2018, after years of litigation over the enforceability of his agreement, the U.S. Supreme Court upheld it, leaving Morris no choice but to pursue his claims in arbitration, if at all. Nevertheless, *for the next four years*, Morris did nothing.

After Morris finally commenced arbitration in 2022, EY moved to dismiss his claims as barred by the applicable statutes of limitations due to his four-plus years of sitting on his rights. EY showed the statutes resumed running in 2018, when the Supreme Court decided Morris could pursue his claims only in arbitration, and that Morris thereafter failed to commence arbitration within the longest applicable limitations period. *Morris did not dispute these points*. Instead, he offered various arguments for why they did not warrant dismissal, each of which the Arbitrator carefully considered and properly rejected.

Morris's motion does not come close to justifying vacating the Arbitrator's Award. Under well-settled principles, the Court must confirm the Award even if it includes erroneous findings of fact or mistakes of law, which it does not. Instead, Morris must prove that, rather than interpret the parties' agreement and apply the law, the Arbitrator issued an award that is "completely irrational" or exhibits a "manifest disregard of law." *Lagstein v. Certain Underwriters at Lloyd's*, 607 F.3d 634, 641 (9th Cir. 2010) (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc)), *cert. denied*, 130 S. Ct. 1522, (2010)). Morris's showing does not even approach this steep standard.

First, Morris contends the Arbitrator erred by doing exactly what the Court would expect: applying the FLSA's statute of limitations to his FLSA claim and California's statutes of limitations to his California law claims. He tries to justify

1
ERNST & YOUNG LLP'S OPPOSITION TO MOTION TO VACATE ARBITRATION AWARD

his absurd position by contending the agreement invokes *New York* statutes of limitations, when, in fact, New York law applies only if the Federal Arbitration Act ("FAA") is held *not* to apply—and, even then, only for purposes of enforcing the parties' agreement and the like.  By contrast, the agreement separately provides that, *in deciding a dispute*, the Arbitrator must apply the law that would apply in court.  The Arbitrator correctly held that a court would apply California's statutes of limitations to Morris's California law claims, for example.  Nothing in the parties' agreement calls into question this self-evident outcome.

Second, Morris apparently contends that the statutes of limitations *never* ran because the parties' agreement requires pre-arbitration mediation in some instances.  However, this argument ignores that mediation is *not* required when a party files a lawsuit over an arbitrable claim, as Morris did.  Moreover, even when mediation occurs, nothing in the Agreement suggests that engaging in mediation has any impact on the statute of limitations, as the Arbitrator found.  Because the Arbitrator's reasoning honors the agreement's plain language, the Award clearly is not "completely irrational."

Finally, Morris contends the Arbitrator should have followed a decision by *this Court* rejecting EY's statute of limitations defense.  As the Arbitrator found, this argument is both legally and factually baseless.  Once the Supreme Court decided Morris could pursue his claims only in arbitration, this Court had no jurisdiction to rule on the statute of limitations.  Nor did it ever do so.  Because the Court could not—and did not—decide any aspect of Morris's arbitral claims, the Arbitrator correctly found no "law of the case" resolved EY's motion.

In sum, the Arbitrator's Award is entirely consistent with the parties' agreement and the law.  Morris has no cogent argument otherwise.  His motion therefore falls far short of proving the Award "exhibits a manifest disregard of law or is completely irrational." *Lagstein*, 607 F.3d at 640.  Accordingly, the Court should deny the motion, confirm the Award, and dismiss the lawsuit with prejudice.

## II. BACKGROUND

### A. Morris's Lawsuit and EY's Motion to Compel Arbitration

Morris worked for EY in California from January 2005 to February 2007. Declaration of Gregory Knopp ("Knopp Dec.") ¶ 2, Ex. A (Morris's "Statement of Claim") at 1. On February 2, 2012, he filed a putative class and collective action in federal court in New York, claiming EY had misclassified him and other employees as exempt from California and federal overtime laws. *Id.* at 2-3. The New York court transferred the case to this Court, which at the time presided over several similar cases, all of which ended long ago. *Id.* at 3.

In January 2013, EY moved to compel Morris to arbitrate his claims on an individual basis pursuant to the firm's "Common Ground" program, to which he had assented at the outset of his employment. The Court granted the motion and dismissed the lawsuit. *Morris* ECF No. 63 ("Because arbitration is required for every claim, the court dismisses, rather than stays, the case."). In August 2016, the Ninth Circuit reversed the decision, crediting Morris's argument that the agreement's class action waiver was unenforceable. *See Morris v. Ernst & Young, LLP*, 834 F.3d 975, 990 (9th Cir. 2016).

EY then petitioned for a writ of *certiorari*, which the Supreme Court granted. The Supreme Court reversed the Ninth Circuit's decision on May 21, 2018, finding the agreement enforceable. *See Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 525 (2018). The Supreme Court issued its mandate on June 22, 2018, thereby affirming the Court's grant of EY's motion to compel arbitration and dismissal of the lawsuit. *See Ernst & Young LLP, et al. v. Stephen Morris, et al.*, Case No. 13-165999.[1]

### B. Morris's Years-Long Delay In Commencing Arbitration

In July 2018, shortly after the Supreme Court mandate, this Court requested a status report. Consistent with the 2013 order, EY asked the Court to dismiss the

---

[1] {https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/16-300.html}

3
ERNST & YOUNG LLP'S OPPOSITION TO MOTION TO VACATE ARBITRATION AWARD

lawsuit so Morris could commence arbitration if he desired to pursue his claims. *See Ho* ECF No. 397 at 2 ("If [Morris] wish[es] to pursue arbitration with respect to [his] individual claims, [he] may do so.").[2] Morris objected to dismissal until "the conclusion of the arbitrations which may be commenced." *Id.* at 3.

In January 2020, in response to the Court's request for another status report, EY again asked the Court to dismiss Morris's claims, contending Morris had waived the right to pursue them in arbitration by taking no action for two years. *Ho* ECF No. 399 at 3 (explaining that, unlike the plaintiff in one of the related cases, Morris has "never taken any steps toward initiating arbitration"). In response, Morris stated he intended to engage EY in settlement discussions and that waiver was for an arbitrator to decide. *Id.* Morris's counsel noted that the plaintiff in a related case had commenced arbitration "long ago" but did not explain Morris's inaction. *Id.* After the parties filed the status report, another two years passed with Morris taking no steps to pursue his claims.

In May 2022, the Court requested another status report. EY again asked the Court to dismiss the action and stressed that Morris needed to pursue his claims in arbitration, if at all. *Morris* ECF No. 85. The Court ordered Morris to commence arbitration "by no later than July 22, 2022." *Morris* ECF No. 86. If he did not, the Court would dismiss his lawsuit, consistent with the 2013 order. *Id.*

On July 22, 2022, four years and one month after the Supreme Court issued its mandate, Morris filed a demand for arbitration.[3] He asserted the same FLSA and California law claims as in his lawsuit. *See generally* Statement of Claim.

C. **EY's Motion To Dismiss**

After Morris commenced arbitration, EY moved to dismiss Morris's claims as barred by the applicable statutes of limitations. With respect to the FLSA claim, EY

---

[2] Some of the pleadings cited herein are from a related case, *Ho et al. v. Ernst & Young LLP*, Case No. 4:05-cv-04867 JSW ("*Ho*").

[3] A party commences arbitration by filing a demand in accordance with the rules of the selected provider. *Morris* ECF No. 92-2, Ex. A ("Agreement"), § IV.E.

4
ERNST & YOUNG LLP'S OPPOSITION TO MOTION TO VACATE ARBITRATION AWARD

argued that the FLSA's maximum three-year statute of limitations had expired before Morris filed his lawsuit in 2012 because he last worked for EY in 2007. *See* Knopp Dec. ¶ 3, Ex. B ("Motion to Dismiss") at 4-5.

EY further argued that the California law claims, though timely when Morris filed his lawsuit, became stale due to Morris's years-long inaction. Specifically, EY showed that the relevant statutes of limitations resumed running in 2018, when the Supreme Court decided once and for all that Morris could pursue his claims only in arbitration. Motion to Dismiss at 5-9. EY explained in detail that the tolling of the statute of limitations due to filing the lawsuit ended when Morris no longer could pursue his claims in court. *Id.* (citing authorities). EY further demonstrated that Morris then failed to commence arbitration within four years, the longest limitations period relevant to his state law claims.[4] *Id.* at 5-6.

In opposing the motion, Morris did not dispute that (i) the statutes of limitations resumed running when the Supreme Court decided he could pursue his claims only in arbitration and (ii) he then waited four-plus years to commence arbitration. *See generally* Knopp Dec. ¶ 4, Ex. C ("Opposition to Motion to Dismiss"); *id.* ¶ 6, Ex. E ("Reply"). Because these facts are fatal to his claims, Morris tried to side-step them. He argued, *inter alia*, that no statute of limitations applies at all (*id.* at 4-6) and that this Court already rejected EY's statute of limitations defense (*id.* at 7).

On December 31, 2023, after reviewing the parties' submissions and hearing oral argument, the Arbitrator granted EY's motion in a written Award that addressed each of Morris's arguments. *See* Knopp Dec. ¶ 5, Ex. D ("Award"). The Arbitrator found that "the laws of the State of California apply to Morris's California-based claims and Ninth Circuit jurisprudence applies to Morris's FLSA claims." *Id.* at 4. Applying these standards, the Arbitrator held that Morris's FLSA

---

[4] For purposes of the motion, EY assumed the entire four-year period remained intact at the time of the mandate due to tolling from (i) the pendency of prior class actions in which Morris was a putative class member and (ii) the filing of his lawsuit.

claim was time-barred as of 2010. *Id.* at 5. She further held that the state law limitations periods resumed running in 2018 and expired because Morris allowed more than four years to pass before commencing arbitration. *Id.* The Arbitrator then considered Morris's arguments for why his claims nevertheless were timely and, after carefully interpreting the parties' agreement, rejected each one. Award at 6-9 (rejecting Morris's arguments that "no statute of limitations applies," that the "mediation procedures tolled the statute of limitations," and that "the statute of limitations has already been decided by the District Court").

## III.　STANDARD OF REVIEW

The Court's "review [of the Award] is limited by the Federal Arbitration Act ('FAA'), which 'enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award.'" *Lagstein v. Certain Underwriters at Lloyd's*, 607 F.3d 634, 640 (9th Cir. 2010) (quoting *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009), *cert. denied*, 559 U.S. 938 (2010)). In fact, Section 10(a) of the FAA permits vacatur in only four circumstances. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584, (2008) (sections 10 and 11 "provide the FAA's exclusive grounds for expedited vacatur and modification"). Unless the award is vacated under Section 10, "confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (citation omitted).

As relevant here, the FAA "permits vacatur 'where the arbitrators exceeded their powers.'" *Lagstein*, 607 F.3d at 641 (quoting 9 U.S.C. § 10(a)(4)); *see Morris* ECF No. 92 ("Mot.") at 6-7. "This is a high standard for vacatur; '[i]t is not enough . . . to show that the panel committed an error—or even a serious error.'" *Id.* (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010)). "[A]rbitrators 'exceed their powers' . . . not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.'" *Id.* (quoting *Kyocera*, 341 F.3d at 997). As the

Supreme Court explained, "It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *Stolt-Nielsen*, 559 U.S. at 671 (citations omitted).

## IV. ARGUMENT

Unable to dispute that the statutes of limitations resumed running in 2018 and that he then allowed more than four years to pass before commencing arbitration, Morris tries to evade the fatal impact of these facts.  He contends they do not bar his claims because, for example, the parties' agreement paradoxically subjects his California statutory claims to New York's statutes of limitations, or because the Court already resolved EY's statute of limitations defense despite never mentioning it.  The Arbitrator correctly rejected Morris's arguments in ways that are not remotely "irrational" or in "manifest disregard" of the law.

### A. The Arbitrator Applied The Correct Statutes Of Limitations.

Morris primarily contends the Arbitrator erred by applying the FLSA's statute of limitations to his FLSA claim and California's statutes of limitations to his California law claims.  In his telling, the Arbitrator should have applied *New York's* statutes of limitations—or no limitations period at all.  As the Arbitrator held, Morris's arguments defy the parties' agreement, which makes clear the statutes of limitations that would apply in court apply equally in arbitration.

#### 1. New York Law Does Not Supply The Statutes Of Limitations.

Morris tries to invoke New York law by misleadingly referring to the agreement's "Choice of Law" provision, which, in full, is entitled "Choice of Law *Governing Program*." Agreement § V.G (emphasis added).  Under this provision, the FAA governs "[t]he [Common Ground Dispute Resolution] Program, these procedures, and any arbitration award," but New York law applies "*to the extent, if any, that the [FAA] is held not to apply*." *Id.* (emphasis added).  No court or arbitrator has held the FAA does not apply.  On the contrary, the U.S. Supreme

applied the FAA to the agreement.  *See Epic Sys. Corp. v. Lewis*, 584 U.S. 497 (2018) (enforcing Morris's agreement pursuant to FAA).  Therefore, under the agreement's plain language, New York law never entered the picture, as the Arbitrator held.  Award at 4.

Moreover, even if the FAA "is held not to apply," New York law simply fills in for the FAA.  Specifically, it governs *the enforceability of the agreement* and the like—i.e., "the Program, these procedures, and any arbitration award[.]"  *See* Morris ECF No. 42-2.  This provision simply has no bearing on the law governing Morris's claims.  *See Webb. v. Alpha & Omega Servs.*, 5:16-CV-01609-RGK-KK, 2016 U.S. Dist. LEXIS 188985, at **4-5 (C.D. Cal. Nov. 14, 2016) (holding California Labor Code claims were unaffected by Texas choice-of-law provision "pertaining to the agreement [itself]").  Indeed, Morris knows full well New York law does not govern his claims, having pled them under federal and California law exclusively.

In short, under the agreement's plain language, New York law does not apply and, even if it did, it merely would fill in for the FAA, rather than govern Morris's federal and California overtime claims.  Because nothing in the agreement suggests New York law supplies the statute of limitations, the Arbitrator's decision not to apply New York law is anything but "irrational."

        2.    <u>The Agreement Incorporates The Statutes Of Limitations That Would Apply In Court</u>.

As Morris acknowledges, a different provision specifically addresses the law governing his claims.  Section IV.J, contained in the "Phase 2—Arbitration" portion of the agreement and entitled "*Law Appliable to Arbitration*," states as follows:

> In deciding a Covered Dispute, the Arbitrator will apply the substantive law, including burdens of proof, that would be applied by a court in the venue of the arbitration.

Therefore, by the agreement's explicit terms, the Arbitrator must apply the law that would apply in court.  EY showed—and Morris never disputed—that a court "in the

venue of the arbitration" would apply California law to Morris's California law claims and FLSA law to Morris's FLSA claim. *See* Award at 4, 6-7.

Other provisions of the Agreement confirm that Morris's rights in arbitration are the same as if he pursued a claim in court. *See* Agreement § IV.J ("The Arbitrator may grant any relief that could be granted by such a court, but will have no power to grant any other relief."); *id.* § 1 ("[The Program] is not intended to limit or expand substantive rights that would otherwise be available under law.").

By making clear the Arbitrator must apply the law that would apply in court, the Agreement unquestionably invokes the applicable statutes of limitations. *See Hambrecht & Quist Venture Partners v. Am. Med. Int'l, Inc.*, 38 Cal. App. 4th 1532, 1540–44, (1995) (emphasis added) (construing agreement stating it "shall be governed by and construed in accordance with *the laws* of the State of Delaware" s incorporating Delaware's statute of limitations); *see also Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011) (statute of limitations is part of "the substantive law of the state"); *Cantor Fitzgerald, Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002) ("A state's rules providing for the start and length of the statute of limitations is substantive law.").

Morris cites no authority holding an arbitration agreement must explicitly reference "statutes of limitations" or otherwise permits the parties to pursue claims forever. Indeed, interpreting the agreement in this way would be absurd and thus forbidden by canons of construction. *See Burgers v. Zurich Am. Ins. Co.*, No. 22-55266, 2023 U.S. App. LEXIS 5728, at *3 (2d Cir. Mar. 10, 2023) (courts should avoid contract interpretations that will lead to absurd results); *Bank Julius Baer & Co. v. Waxfield Ltd.*, 424 F.3d 278, 283 (2d Cir. 2005) (interpretation that would "lead to absurd results" is "a result also forbidden by canons of construction").

Morris tries to avoid the plain meaning of the "Law Applicable to Arbitration" term by claiming it conflicts with the term invoking the FAA. He is mistaken. As explained, the former provides the law for "deciding a Covered

Dispute," while the latter concerns the law governing the agreement itself. These terms are clearly compatible. *See Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 63–64 (1995) (reading choice-of-law and arbitration provisions in concert and finding "neither sentence intrudes upon the other," consistent with "cardinal principle of contract construction: that a document should be read to give effect to all its provisions and to render them consistent with each other").

Morris next contends the provision requiring the Arbitrator to apply the "substantive law" applicable in court is "ambiguous." This argument not only defies the authorities EY cited above, but it ignores Morris's burden. Even if this term were unclear, the Arbitrator's interpretation of a purportedly ambiguous contract provision could not justify vacatur. *Stolt-Nielsen*, 559 U.S. 671 ("It is not enough . . . to show that the panel committed an error—or even a serious error") (citation omitted); *Clos La Chance Wines, Inc. v. AV Brands, Inc.*, No. 5:16-cv-0407-EJD, 2017 U.S. Dist. LEXIS 97702, at *15 (N.D. Cal. June 23, 2017) ("Respondent may advocate for something different, but the existence of an alternative interpretation of a contract does not render 'irrational' the one adopted by the arbitrator, even if erroneous.") (citing *Bosack*, 586 F.3d at 1106); Mot. at 2 (Morris acknowledges that arbitrator's interpretation of contract need only be "plausible") (citation omitted).[5]

Finally, Morris invokes the *ejusdem generis* rule of construction, which he never mentioned to the Arbitrator and therefore has waived this argument. *See Wellman v. Writers Guild of Am., W., Inc.*, 146 F.3d 666, 673 (9th Cir. 1998) ("[I]t is well settled that a party may not sit idle through an arbitration proceeding and then collaterally attack that procedure on grounds not raised before the arbitrators

---

[5] Morris's reliance on the *contra preferendum* rule is misplaced. This rule might apply only if the Arbitrator could not discern the parties' intent. *See Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 187 (2019) ("Unlike contract rules that help to interpret the meaning of a term, and thereby uncover the intent of the parties, *contra preferendum* is by definition triggered only after a court determines that it *cannot* discern the intent of the parties.") Here, as the Arbitrator found, the parties intended for the Arbitrator to apply the same laws that would apply in court.

when the result turns out to be adverse."). In any event, he simply proclaims that statutes of limitations are categorically different than "burdens of proof," the example of "substantive law" provided in the Agreement. This unexplained and unsupported assertion falls well short of showing the Arbitrator's interpretation of the agreement was "completely irrational."

In short, the parties' agreement makes clear the Arbitrator must apply the law to Morris's claims that a court would apply. Morris has no serious argument the Arbitrator should have applied different limitations periods to claims brought under federal and California statutes. Indeed, freeing his claims from the limitations periods that would apply in court would *contravene* the agreement by "expand[ing] [his] substantive rights"—while diminishing EY's—and granting him relief no court can offer. Agreement §§ 1, IV.J; *see Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985) ("By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute").

### B. The Availability of Mediation Is Irrelevant.

Morris next contends that, because the parties engaged in mediation *four years after the Supreme Court mandate*, his claims somehow are timely. Mot. at 11-12. The Arbitrator correctly held that nothing in the parties' agreement suggests engaging in mediation affects the running of the statute of limitations.

To begin, Morris is wrong in contending mediation was a "mandatory predicate" to arbitration. Mot. at 11. The agreement explicitly states otherwise:

> Phase I [Mediation] Default. If a party files a lawsuit relating to a Covered Dispute in violation of the terms of the Program, the other party may choose to proceed directly to [Arbitration] or to seek an order requiring the party who filed the lawsuit to satisfy the requirements of the Program.

Agreement § IV.B. Therefore, once Morris filed his lawsuit, neither party had any obligation to participate in mediation. Morris's criticism of the Arbitrator for

rejecting his argument "that mediation was a contractual pre-condition to commencement of Arbitration" is thus entirely unfounded.  Mot. at 12.

Morris's argument fails regardless.  As the Arbitrator found, "nothing in the Common Ground mediation procedures suggests that engaging, or not engaging, in mediation would have any impact on the statute of limitations.  Indeed, Morris cites no authority suggesting it does."  Award at 7.  Morris ignores this holding.  He cites no term in the agreement or legal authority supporting his position that engaging in mediation affected the statutes of limitations.  Having disregarded this holding, Morris plainly failed to satisfy his "high" burden of showing the Award "exhibits a manifest disregard of law or is completely irrational."  Mot. at 1 (citations omitted); *see also Beagle v. Rite Aid*, No. C08-1517 PJH, 2009 WL 3112098, at *11 (N.D. Cal. Sept. 23, 2009) (as party seeking equitable tolling, Morris bears the "burden to plead and prove that limitations period should be tolled").

**C.    The Court Did Not Decide EY's Statute Of Limitations Defense.**

Without citing any authority, Morris argues the Arbitrator erred by failing to acknowledge that this Court had rejected EY's statute of limitations defense.  Mot. at 8.  As the Arbitrator found, this argument is both legally and factually baseless.

The Court had a threshold issue before it: whether Morris must pursue his claims in arbitration.  Once the Supreme Court answered that question in the affirmative, "the District Court did not have jurisdiction to rule on statute of limitations questions[.]"  Award at 8; *see also Matson Plastering Co. v. Operative Plasterers & Cement Masons Int'l Assoc.*, 633 F.2d 1307, 1308 (9th Cir. 1980) ("[T]he district court had no jurisdiction to consider the merits of the underlying dispute . . . The district court's jurisdiction . . . was limited to deciding whether the dispute . . . was arbitrable.").

Nor did the Court do so.  As the Arbitrator found, "EY never made a motion to dismiss based on the statute of limitations grounds before the District Court; thus, there is no statute of limitations law of the case."  Award at 8.  Rather, EY merely

noted in a status report that the Court should dismiss the lawsuit because Morris could pursue his claims only in arbitration—as the Court ordered in 2013. *Id.* at 9 ("[A]ll the District Court was deciding was whether to dismiss the lawsuit or stay it pending outcome of arbitration[.]"). Indeed, the Court expressly reserved the issue of waiver, like any other defenses, for the Arbitrator. *Morris* ECF No. 86. Because the Court never decided anything but arbitrability, there is no "law of the case" regarding the statutes of limitation. *See Topadzhikyan v. Glendale Pol'y Dep't*, Case No. CV 10-0387-JST, 2011 U.S. Dist. LEXIS 161008, at *3 (C.D. Cal. Aug. 4, 2011) ("[T]he [law of the case] doctrine posits that *when a court decides upon a rule of law*, that decision should continue to govern the same issues in subsequent stages in the same case.") (emphasis added) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)).

Finally, the Court's order requiring Morris to initiate arbitration by a certain date is irrelevant to the statute of limitations defense, as the Arbitrator held. The Court simply ordered that, if Morris did not commence arbitration promptly, it would dismiss *the lawsuit*, as opposed to staying it pending the outcome of arbitration. Award at 9; *Morris* ECF No. 86. Again, the Court did not—and could not—decide Morris' compliance with the statutes of limitations.[6]

Morris offers no defense of his positions. He notes that the Arbitrator explicitly rejected his arguments and then, without citing any authority or offering any explanation, he feebly states that "the Arbitrator took too narrow a view of the Court's orders." Mot. at 14. This unsupported conclusion obviously falls well short

---

[6] At the end of his motion, while citing no authority, Morris notes that "the filing of and pendency of an action in Court tolls the statute of limitations[.]" Mot. at 14. But he never attempts to explain why the tolling continued after the Supreme Court determined his claims could proceed only in arbitration. EY demonstrated at length that the tolling ended upon the Supreme Court's mandate (*see* Motion to Dismiss at 5-9), and Morris did not argue otherwise. Moreover, if the pendency of a stayed lawsuit justified tolling even after the court compelled arbitration, the statute of limitations never would resume running, depriving the respondent of its substantive rights in contravention of fundamental arbitral law. *See Mitsubishi Motors*, 473 U.S. at 628.

13
ERNST & YOUNG LLP'S OPPOSITION TO MOTION TO VACATE ARBITRATION AWARD

of proving the Arbitrator's Award "exhibits a manifest disregard of law or is completely irrational." *Id.* at 1 (citations omitted).

## V. CONCLUSION

For the reasons presented above, Morris cannot satisfy his heavy burden of justifying vacatur of the Arbitrator's Award. Therefore, the Court should deny his motion, confirm the Award, and dismiss this action with prejudice.[7]

DATED: April 16, 2024

PROSKAUER ROSE LLP
GREGORY W. KNOPP

By:    */s/ Gregory W. Knopp*
         GREGORY W. KNOPP

Attorneys for Defendant Ernst & Young LLP

---

[7] Although the case previously included a second plaintiff, Kelly McDaniel, the parties have resolved her claims by settlement.