MAX FOLKENFLIK (admitted *pro hac vice*)
FOLKENFLIK & MCGERITY LLP
1500 Broadway, Suite 810
New York, NY 10036
Telephone: (212)757-0400
mfolkenflik@fmlaw.net

ROSS L. LIBENSON, (State Bar No. 181912)
LIBENSON LAW
1939 Harrison Street, Suite 917
Oakland, CA 94612
Telephone: (510) 451-4441
Facsimile: (510) 877- 3222

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| STEPHEN MORRIS and KELLY McDANIEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ERNST & YOUNG LLP,<br><br>Defendant. | Case No. 12-CV-04964-JSW<br><br>PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO VACATE THE ARBITRATION AWARD<br><br>Hearing Date: June 7, 2024<br><br>Time: 9:00 a.m.<br><br>Courtroom: 5<br><br>1301 Clay Street, 2nd Flr.<br>Oakland, CA 94612 |

## TABLE OF CONTENTS

INTRODUCTION AND SUMMARY OF THE ARGUMENT ................... 1

ARGUMENT ....................................................................................... 4

POINT I ............................................................................................... 4

THE AWARD MUST BE VACATED BECAUSE THE ARBITRATOR FAILED TO APPLY THE CONTRACTUAL CHOICE OF LAW. .... 4

POINT II .............................................................................................. 6

THE ARBITRATOR HAD NO AUTHORITY TO CONSTRUE THE "SUBSTANTIVE LAW" PROVISION IN ISOLATION WITHOUT CONSIDERING THE CONTRACT AS A WHOLE OR TAKING OTHER EVIDENCE OF THE PARTIES' INTENT ......................... 6

POINT III ............................................................................................. 9

THE ARBITRATOR IGNORED THE EXPRESS TERMS OF THE ARBITRATION AGREEMENT THAT *REQUIRED* PHASE I MEDIATION TO PRECEDE ARBITRATION. ................................. 9

POINT IV ........................................................................................... 10

THE ARBITRATOR MANIFESTLY DISREGARDED THE HOLDING OF *STOLT-NIELSON* REQUIRING THE ARBITRATOR TO GIVE EFFECT TO THE INTENTION OF THE PARTIES TO THE AGREEMENT. ............................................................................. 10

POINT V ............................................................................................ 11

THE ARBITRATOR MANIFESTLY DISREGARDED THE PRIOR RULINGS BY THIS COURT AND TOLLING OF THE STATUTE THAT RESULTED FROM ONGOING PROCEEDINGS BEFORE THE COURT. ................................................................................ 11

CONCLUSION .................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Addison v. State*,
  21 Cal. 3d 313 (1978) ............................................................................................. 12

*Albano v. Shea Homes Ltd.P'ship*,
  634 F.3d 524 (9th Cir. 2011) ..................................................................................... 7

*American Pipe & Constr. Co. v. Utah*,
  414 U.S. 538 (1974) ................................................................................................... 7

*Aragon v. Federated Dept. Stores, Inc.*,
  750 F.2d 1447 (9th Cir. 1985) ................................................................................. 12

*Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*,
  913 F.3d 1162 (9th Cir. 2019) ........................................................................... 5, 6, 8

*Barnes v. Logan*,
  122 F.3d 820 (9th Cir. 1997) .................................................................................. 1, 6

*Beagle v. Rite Aid*,
  2009 WL 3112098, at *11 (N.D. Cal. Sept. 23, 2009) ............................................ 12

*Beech v. Fuller*,
  172 F App'x 111 (6th Cir. 2006) ............................................................................... 8

*Bosack v. Soward*,
  586 F.3d 1096, 1106 (9th Cir. 2009) ........................................................................ 6

*Brown v. Transworld Sys., Inc.*,
  73 F.4th 1030 (9th Cir. 2023) .................................................................................... 4

*Cantor Fitzgerald, Inc. v. Lutnick*,
  313 F.3d 704 (2d Cir. 2002) ...................................................................................... 7

*Comedy Club, Inc. v Improv W. Assoc.*,
  553 F.3d 1277 (9th Cir. 2009) ................................................................................... 6

ii
PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
TO VACATE ARBITRATION AWARD

*Coutee v. Barington Capital Group, L.P.*,
    336 F.3d 1128 (9th Cir. 2003) .............................................................................. 1, 6

*Hambrecht & Quist Venture Partners v. Am. Med. Int'l, Inc.*,
    38 Cal. App. 4th 1532 (1995) ..................................................................................... 7

***Hayday Farms, Inc. v. FeeDx Holdings, Inc.*,
    55 F.4th 1232 (9th Cir. 2022)** ................................................................................... 6

*Jackson v. Hayakawa*,
    605 F.2d 1121 (9th Cir. 1979), *cert. denied*, 445 U.S. 952
    (1980) ........................................................................................................................ 12

*Olson v. Doe*,
    12 Cal 5th 669, 288 Cal Rptr 3d 753 (2022) .............................................................. 8

*People v Doolin*,
    45 Cal 4th 390. (2009) .............................................................................................. 8

*Retail Clerks Union Local 648 v. Hub Pharm., Inc.*,
    707 F.2d 1030, 1033 [9th Cir 1983) ....................................................................... 12

*Stolt-Nielsen S.A. v. AnimalFeeds Intl. Corp.*
    559 U.S. 662 (2010) ............................................................................................ 3, 10

*Webb. v. Alpha & Omega Servs.*,
    2016 U.S. Dist. LEXIS 188985 (C.D. Cal. Nov. 14, 2016) ......................................... 5

## Statutes

Federal Arbitration Act 9 U.S.C.  Section 1, *et. seq.* ................................................. 1, 4

Plaintiff Stephen Morris (hereinafter "Morris" or "Plaintiff") by his Attorneys, Folkenflik & McGerity LLP and Libenson Law, respectfully submits this Reply Memorandum of Points and Authorities in support of Plaintiff's Motion to vacate the Arbitration Award delivered on January 2, 2024 purportedly under the terms of Defendant Ernst and Young LLP's Common Ground Dispute Resolution Program (the "EY Arbitration Agreement" or the "Program" or the "Agreement").

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

We readily concede as Defendant Ernst & Young LLP ("EY") argues, that the burden on a party seeking to vacate an arbitration award is high, but there is little serious question Morris has met that burden here, based on several separate and independently sufficient grounds.

First, it is indisputable that the arbitrator "fail[ed] to adhere to [the] valid, enforceable choice of law clause agreed upon by the parties." Under binding precedent, that failure requires this Court to vacate the arbitration award. *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1134 (9th Cir 2003); *Barnes v. Logan*, 122 F.3d 820, 823 (9th Cir. 1997). The EY Arbitration Agreement expressly provides that any arbitration "shall be governed by the Federal Arbitration Act and, to the extent, if any, that such Act is held not to apply, to the state law, including judicial interpretations, applicable in the State of New York…"

The Arbitrator chose not to even consider the application of New York law using the argument that because the Federal Arbitration Act ("FAA") applies to the dispute between EY and its employees (as EY knew it must), then New York law does not apply at all. This truly absurd argument ignores the words "to the extent that" and bizarrely fails to recognize that the FAA only applies to whether the arbitration agreement will be enforced,

1

and not to *any* other procedures or legal requirements regarding the arbitration process itself.  While the Arbitrator did address whether a carve out in the Arbitration Agreement with respect to the "substantive law" of the forum state incorporated the forum state's statute of limitations, under the express "choice of law" terms of the EY Arbitration Agreement that analysis required a resolution of the tension between the contractual choice of law provisions.  The Arbitrator was required to read the agreement as a whole, and she was not permitted to simply ignore one of the applicable terms.

Second, and also an independently sufficient ground for vacatur, the Arbitrator ignored the express terms of the Arbitration Agreement that *required* Phase I mediation to precede arbitration.  The Arbitration Agreement provides: "If a Covered Dispute arises, the parties *will* try to resolve the Covered Dispute through mediation." Section III.A (emphasis added)[1].   Further, the remedy for a party, if the other party goes to court in violation of the agreement, is to either a) commence arbitration or b) to *seek an order requiring the party who filed the lawsuit to satisfy the requirements of the Program."*  Agreement § IV.B   The "requirements of the Program" included the requirement to conduct a Phase I mediation.

EY seemed to recognize that obligation and accordingly when Morris gave notice to EY that mediation was required, rather than arguing that the statute of limitations had already expired (as EY claimed in the arbitration and asserts now) EY went to mediation on July 18, 2022.  Morris commenced arbitration within days after mediation failed to reach a resolution.  It was contrary to the express terms of the arbitration

---

[1] The EY Arbitration Agreement is annexed as Exhibit A to the Declaration of Max Folkenflik submitted in support of the Motion.

agreement for the Arbitrator to conclude that the statute of limitations could expire prior to the conclusion of the mediation *required* by the Arbitration Agreement.

Third, and yet another independently sufficient ground for vacatur, the Arbitrator recognized, but manifestly disregarded the holding of *Stolt-Nielsen S.A. v. AnimalFeeds Intl. Corp.* 559 U.S. 662, 682-83 (2010). As the Arbitrator recognized, *Stolt Neilsen* holds that EY Arbitration Agreement "must be read 'to give effect to the contractual rights and expectations of the parties' based on 'the parties [sic] intentions….'" Order at 6. The Arbitrator's ruling that the "plain language" of the Agreement stating that "the Arbitrator will apply the substantive law…that would be applied by a court in the venue of the arbitration…*unambiguously include[ed]* statutes of limitation." (emphasis added). Order at 6. Whether the phrase "substantive law" includes the law regarding statutes of limitations is at best ambiguous as numerous cases have found. *See* Morris Opening Mem. at 13. In concluding that the language of § IV.J. read in isolation unambiguously revealed *Morris'* intention to apply California statute of limitations law the Arbitrator acted in manifest disregard of the Supreme Court holding in *Stolt-Nielsen.* Further, in denying the existence of undeniable ambiguity and construing the phrase in favor of EY the Arbitrator manifestly disregarded the rule of *contra preferendum,* that any ambiguity must be construed against EY.

Finally, the Arbitrator ignored the effect of the proceedings and rulings of this Court in either rejecting EY's requests for a ruling on the statute of limitations thereby resulting in law of the case, or alternatively, in tolling the running of the statute of limitations during the course of the proceedings.

All of the above deficiencies demonstrate that Arbitrator's ruling is not grounded in the terms of the Arbitration Agreement, but instead represents the Arbitrator's personal view of the proper role of statutes of limitation on the rights of parties to initiate arbitration. For any of the above errors, each one of which is an independently sufficient ground for vacatur, the Arbitration Award must be vacated. A further arbitration on the merits of Plaintiff's claim should be ordered.

Finally the Arbitrator held that the Court's failure to hold that the statute of limitations had passed in response to repeated requests by EY for that relief did not amount to "law of the case," the Court order requiring initiation of arbitration by July 22, 2022 (a date Morris met) is "irrelevant to the undersigned's inquiry." *Id.* at 8-9.

## ARGUMENT

## POINT I

## THE AWARD MUST BE VACATED BECAUSE THE ARBITRATOR FAILED TO APPLY THE CONTRACTUAL CHOICE OF LAW.

It is important to begin with basics. There is no dispute that Morris timely commenced this action asserting claims under California's Labor Code, and therefore, the statute of limitations on those claims was satisfied. *See, e.g., Brown v. Transworld Sys., Inc.,* 73 F.4th 1030, 1040 (9th Cir. 2023). The issue here is when ***an arbitration*** must be commenced under the terms of the EY Arbitration Agreement, ***not*** when a suit must be commenced under the statutes of limitations governing the claims being asserted in the arbitration. EY's opposition conflates the two separate issues and treats its own limitation on the when an arbitration had to be commenced, instead it incorporated state law. The question for the arbitrator was which state's law should apply.

As we argued before the Arbitrator, and in our opening Memorandum, Morris believes that New York law clearly applies under Section V.G. of the EY Arbitration Agreement headed "**Choice of Law Governing Program.**"w Instead of construing that section, the Arbitrator completely ignored it using the fatally flawed logic that because the FAA applied to enforcement of the arbitration agreement, then New York Law "does not apply" at all.  As EY puts it in its answering papers: "New York law never entered the picture, as the Arbitrator held." EY Mem. At 7-8 citing Award at 4.

EY's answering papers argue that "[t]his provision simply has no bearing on the law governing Morris's claims" citing as its sole authority *Webb. v. Alpha & Omega Servs.*, 2016 U.S. Dist. LEXIS 188985, at \*\*4-5 (C.D. Cal. Nov. 14, 2016) as standing for the proposition that "California Labor Code claims were unaffected by Texas choice-of-law provision…" EY Mem. At 8.

*Webb* is completely distinguishable.  In *Webb* the Defendant had taken the position that the Plaintiff was prohibited from asserting claims under the California Labor Code because the contractual "choice of law" specified Texas law.  The Court rightly rejected that argument holding: "California's labor laws 'are part of a broad regulatory policy defining the obligations that the law places on an employer without regard to the substance of its contractual obligations to its employee[s].'" *Id.* at \*5, *quoting Narayan v. EGL, Inc.*, 616 F.3d 895, 897 (9th Cir. 2010).

Binding precedent in this Circuit holds that an arbitration award is completely irrational "where   the arbitration decision fails to   draw   its essence from the agreement." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019),*quoting Comedy Club*, 553 F.3d at 1288. An arbitration award "'draws its essence from the agreement' if the award is derived from the agreement, viewed 'in light of

the agreement's language and context, as well as other indications of the parties' intentions.'" *Id. quoting Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009).

Under this standard, the Arbitrator had the discretion to construe the effect of the choice of New York law on the statute of limitations analysis. But the Arbitrator did not have the right to completely "ignore" the contractual choice of law. *Hayday Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1241-1242 (9th Cir. 2022) ("An award is completely irrational if it ignores controlling terms of the parties' contract.") *citing Bosack*, 586 F.3d at 1107 *and Aspic*, 913 F.3d at 1167. Nor can the Arbitrator or EY hide behind an absurd interpretation of the contractual language to justify the disregard of the Choice of Law provision in the contract. *Cf. Comedy Club, Inc. v. Improv W. Assoc.,* 553 F.3d 1277, 1293 (9th Cir. 2009)(finding manifest disregard where "[t]he grounds given by the arbitrator for disregarding [controlling authority] are fundamentally incorrect.").

As we noted above, vacatur is required where the Arbitrator ""fail[ed] to adhere to [the] valid, enforceable choice of law clause agreed upon by the parties." *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1134 (9th Cir 2003); *Barnes v. Logan*, 122 F.3d 820, 823 (9th Cir. 1997). There can be no serious question that is precisely what occurred here.

## POINT II

**THE ARBITRATOR HAD NO AUTHORITY TO CONSTRUE THE "SUBSTANTIVE LAW" PROVISION IN ISOLATION WITHOUT CONSIDERING THE CONTRACT AS A WHOLE OR TAKING OTHER EVIDENCE OF THE PARTIES' INTENT**

We readily concede that the EY Arbitration Agreement has a "carve out" from the general New York choice of law provision for "substantive law,

including burdens of proof, that would be applied by a court in the venue of the arbitration." EY Arbitration Agreement § IV. J.  Undeniably though, any law applicable to the arbitration proceeding not covered by that "carve out" is governed by New York law as required by § V.G. Notably neither section specifically mentions any limitation on the period for the commencement of arbitration.

EY argues that "[b]y making clear the Arbitrator must apply the law that would apply in court, the Agreement unique unquestionably invokes the applicable statutes of limitations." EY Mem. at 9.  To the contrary, as we pointed out in our opening Memorandum, the language used in "substantive law" "carve out" if anything makes it clear that that clause does not "invoke the [California] statutes of limitations. *See* Morris Opening Mem. at 13.[2]

The authorities cited by EY provide zero support for EY's statute of limitations argument.  EY's primary authority, *Hambrecht & Quist Venture Partners v. Am. Med. Int'l, Inc.*, 38 Cal. App. 4th 1532 (1995), actually supports Morris' argument that California's "substantive law" *does not include California statutes of limitation.*[3] EY's two other "authorities" do not

---

[2]. EY claims that Morris' of the use of *ejusdem generus* in construing the "substantive law" provision was waived when it was not raised before the Arbitrator.  EY Mem. at 10-11.  The term "*ejusdem generus*" may not have been used, but the Memorandum submitted to the Arbitrator clearly argued that the terms of the "substantive law" provision "is devoid of the statutes of limitation or other issues relating to those statutes such as tolling or waiver. If EY intended to include state or federal statutes of limitation into its lengthy and detailed Arbitration Agreement, it could have, and should have, explicitly said so." See Morris Mem. in Opposition to Motion to Dismiss, Exhibit D submitted in Reply, at 5.

[3]. *See, Hambrecht & Quist Venture Partners v. Am. Med. Int'l, Inc.*, 38 Cal. 4th 1532,1539, 1541-42 (1995) (Noting that "some conflict of laws cases have distinguished between 'procedural' and 'substantive' law (placing the statute of limitations in the former category)" and holding that agreement stated that it "shall be governed by and construed in accordance with the laws of the State of Delaware." "incorporated Delaware's statutes of limitations.").

even remotely apply to this case where a contract has two, arguably conflicting, choice of law provisions.[4]

EY argues that "the Arbitrator's interpretation of a purportedly ambiguous contract provision could not justify vacatur." EY Mem. at 10. That may be correct if the Arbitrator had not improperly ignored that New York choice of law provision in the agreement, properly considered the contract as a whole[5] and if the award was "derived from the agreement, viewed 'in light of the agreement's language and context, as well as other indications of the parties' intentions.'" *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) *quoting Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009).

EY effectively concedes that the Arbitrator was required to conduct such an analysis. *See* EY Mem. in Opp. at 9-10 citing *Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 63–64 (1995). But, indisputably, no such analysis was conducted by the Arbitrator in this case. Accordingly, the arbitration decision failed to "draw its essence" from the terms EY Arbitration Agreement. For that reason alone, the Arbitration Award must be vacated.

---

[4]. *See, Albano v. Shea Homes Ltd.P'ship*, 634 F.3d 524, 529-530 (9th Cir. 2011) (no choice of law provision involved, discussion of state statute of limitations and tolling under *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974));*Cantor Fitzgerald, Inc. v. Lutnick*, 313 F.3d 704, 710(2d Cir. 2002) (state statutes of limitations apply to dispute over the terms of a partnership agreement).

[5]*See, Olson v Doe*, 12 Cal 5th 669, 680, 288 Cal Rptr 3d 753, 760 (2022); *People v Doolin*, 45 Cal 4th 390, 413, n 17. (2009).

## POINT III

## THE ARBITRATOR IGNORED THE EXPRESS TERMS OF THE ARBITRATION AGREEMENT THAT *REQUIRED* PHASE I MEDIATION TO PRECEDE ARBITRATION.

Section III of the EY Arbitration Agreement provides, "[i]f a Covered Dispute arises, the parties ***will*** try to resolve the Covered Dispute through mediation…. A party may start Phase I by giving the other party notice in writing." (emphasis added). The term "will" indicates that the referenced procedure is mandatory. *Beech v Fuller*, 172 F App'x 111, 113 [6th Cir 2006])("shall" and "will" are "mandatory terms").

EY correctly notes that the Arbitration Agreement explicitly states:

> Phase I [Mediation] Default. If a party files a lawsuit relating to a Covered Dispute in violation of the terms of the Program, the other party may choose to proceed directly to [Arbitration] or to seek an order requiring the party who filed the lawsuit to satisfy the requirements of the Program.

EY Mem. in Opp. at 11, citing Agreement § IV.B.

However EY misreads the clear language of that section and falsely claims "once Morris filed his lawsuit, neither party had any obligation to participate in mediation." *Id.* The language of that section undeniably gave EY ***only two procedural choices once Morris sued in court:*** EY could either commence an arbitration itself (which it chose not to do), or it could seek an order requiring Morris to ***satisfy the requirements of the Program.*** The Program explicitly "required" the parties to conduct a mediation.

EY argues that "nothing in the Common Ground mediation procedures suggests that engaging, or not engaging, in mediation would

9

have any impact on the statute of limitations." EY Mem. in Opp. at 12, *citing* Award at 7.  However, both the Arbitrator and EY completely miss the issue in dispute.  We are not talking about the statute of limitations.  The statute was satisfied when this suit was commenced.  What is in dispute is the issue of when an arbitration must be commenced.  EY had the right to commence an arbitration.  Since it did not, it was ***required by the terms of the Agreement to engage in mediation.***  EY effectively conceded as much when it engaged in mediation on June 18, 2022.  The arbitration was commenced by Morris promptly thereafter.

Accordingly, this is yet another instance in which the Arbitration Award failed to "draw its essence from the agreement" and was therefore "completely irrational" and requires vacatur.

## POINT IV
## THE ARBITRATOR MANIFESTLY DISREGARDED THE HOLDING OF *STOLT-NIELSON* REQUIRING THE ARBITRATOR TO GIVE EFFECT TO THE INTENTION OF THE PARTIES TO THE AGREEMENT.

As noted above, the Arbitrator recognized but failed to apply the holding of *Stolt-Nielsen S.A. v. AnimalFeeds Intl. Corp.* 559 U.S. 662, 682-83 (2010) that the EY Arbitration Agreement "must be read 'to give effect to the contractual rights and expectations of the parties' based on "the parties intentions…."'  Order at p. 6.  The Arbitrator's conclusion that the "plain language" of § IV.J. of the Agreement that stating that "the Arbitrator will apply the substantive law…that would be applied by a court in the venue of the arbitration…***unambiguously include[ed]*** statutes of limitation." (emphasis added).  *Id.*  This conclusion requires vacatur for multiple reasons as we pointed out in detail at pages 12 to 13 of our Opening Memorandum.

EY's opposing papers never addressed, let alone challenged, the showing made by Morris that the language of the Arbitration Agreement's "substantive law" clause did not reveal *Morris' intent* to have the California statute of limitations apply is not grounded on the language of the Agreement and finds no basis in law or logic.

For all of these reasons, the Arbitrator's decision manifestly disregarded the mandate of *Stolt-Nielson* "to give effect to the contractual rights and expectations of the parties' based on the parties intentions…."

## POINT V

## THE ARBITRATOR MANIFESTLY DISREGARDED THE PRIOR RULINGS BY THIS COURT AND TOLLING OF THE STATUTE THAT RESULTED FROM ONGOING PROCEEDINGS BEFORE THE COURT.

The order of this Court dated August 24, 2017, stayed all action in the District Court Action between Morris and EY.  Subsequent to the decision by the United States Supreme Court holding that Morris's objections to arbitration would not prevail, EY repeatedly asked this Court to lift the stay and dismiss Morris's action.  *See,* Status Report dated July 11, 2018, Exhibit A to EY's Request for Judicial Notice, at p. 2, Status Report dated January 10, 2020, Exhibit B to EY's Request for Judicial Notice, at p.3, Status Report dated May 16, 2022, Exhibit C to EY's Request for Judicial Notice, at p 2. Finally, the District Court entered an order requiring Morris "to initiate arbitration" by July 22, 2022. Exhibit D to EY's request for Judicial Notice. On July 22, 2022, Morris "initiated" arbitration, but only after complying with required Phase I to participate in a mediation.

As we argued in our Opening Memorandum, whether considered law of the case or not, the filing of and pendency of an action in Court tolls the statute of limitations with regard to the claims asserted.  EY argues that "as

party seeking equitable tolling, Morris bears the "burden to … prove that limitations period should be tolled." EY Mem. in Opp. at 12 *citing, Beagle v. Rite Aid*, No. C08-1517 PJH, 2009 WL 3112098, at *11 (N.D. Cal. Sept. 23, 2009).

"California equitably tolls the statute of limitations during the pendency of an earlier action if there is 'timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff.'. . . The two actions [upon which the claimant basis the claim for benefit of equitable tolling] need not be identical. . . ." *Aragon v. Federated Dept. Stores, Inc.*, 750 F.2d 1447, 1454 (th Cir 1985) *quoting*, *Retail Clerks Union Local 648 v. Hub Pharm., Inc.*, 707 F.2d 1030, 1033 [9th Cir 1983). *Accord, Jackson v. Hayakawa*, 605 F.2d 1g121, 1127 (9th Cir. 1979), *cert. denied*, 445 U.S. 952 (1980); *Addison v. State*, 21 Cal. 3d 313, 319 (1978)).

For this separate and independently sufficient reason, the Arbitration Award is not based on a "plausible" reading of the Arbitration Agreement and must be vacated.

## CONCLUSION

As set forth above, there are numerous separate and independently sufficient reasons why as a matter of law, the Arbitration Award must be vacated. It is clear that instead of applying the terms of the Arbitration Agreement, the Arbitrator went out of her way to ignore terms that were included and to insert terms the parties had never agreed to. While arbitrators have latitude in interpreting an arbitration agreement, their powers are strictly limited to the agreement "as written." They may not stray from the agreement based on personal predilections about what the agreement should have provided.

For all of these reasons, Morris respectfully requests that the Arbitration Award be vacated.

Dated: New York, New York
     May 7, 2024

                                       Respectfully submitted,

                                       _____/s Max Folkenflik__
                                       Max Folkenflik
                                       Folkenflik & McGerity LLP

                                       _____/s Ross Libenson__
                                       Ross Libenson (SBN 181912)
                                       Libenson Law
                                       *Attorneys for Plaintiff Stephen Morri*