# FOLKENFLIK & McGERITY LLP

ATTORNEYS AT LAW
1500 BROADWAY, SUITE 810
SNew York, New York, 10036

TELEPHONE (212) 757-0400

WRITER'S E-MAIL: mfolkenflik@fmlaw.net

May 16, 2024

<u>*Via ECF*</u>
Hon. Jeffery S. White
United States District Judge
Northern District of California Oakland Courthouse, Courtroom 5 1301 Clay Street
Oakland, CA 94612

Re: *Morris v. Ernst & Young LLP and Ernst and Young U.S.LLP.*
Case No. 12-cv-04964-JSW
*Submission of Recent Authority*

Dear Judge White,

I am counsel for the Plaintiff Morris in the above-captioned action. I am writing to respectfully bring to Your Honor's attention the decision of the United States Supreme Court in *Smith et. al. v. Spizzirri et. al.* ____U.S._____(May 16, 2024) handed down today, a copy of which is attached. I believe the Court may consider that case to be of interest in ruling upon Plaintiff's pending Motion to Vacate the Arbitration Award dismissing Mr. Morris's claim on statute of limitations grounds.

In *Spizzirri* the Court unanimously held that under the Federal Arbitration Act a Court finding an arbitration agreement to be applicable must stay the case and may not dismiss it. We respectfully submit that while not directly on point, the Court's emphasis on the need to keep the case pending throughout the arbitration process, *see id.* at 6, provides some additional support for our argument that during the pendency of this case, the arbitration was subject to equitable tolling, and therefore the statute of limitations was tolled. *See* Morris Reply Mem. in Support of Motion to Vacate at 12.

In addition, as the Court may recall, the Choice of Law clause at issue held that except to the extent governed by the Federal Arbitration Act "[t]he Program, these procedures, and any arbitration award that may result from them *shall* be governed by… the state law, including judicial interpretations, applicable in the State of New York." (emphasis added). We argued that the Arbitrator ignored the contractual choice of law clause *See* Morris Mem. in Support of Motion to Vacate at 9-11. The Supreme Court held "[h]ere, as in other contexts, the use of the word 'shall' 'creates an obligation impervious to judicial discretion.'" *Spizzirri* at 6. We respectfully submit that the Supreme Court holding makes clear that the Arbitrator in this matter should not be permitted to evade the mandate to consider New York Law by an absurd and evasive interpretation of the contractual language.

Respectfully,

Max Folkenflik

cc: Greg Knopp, Esq. (***via ECF***)
Ross Libenson, Esq. (***via ECF***)