UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MORRIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ERNST & YOUNG L.L.P., et al.,<br><br>Defendants. | Case No. 12-cv-04964-JSW<br><br>**ORDER DENYING MOTION TO VACATE ARBITRATION AWARD; JUDGMENT**<br><br>Re: Dkt. No. 92 |

Now before the Court for consideration is the motion to vacate an arbitration award, filed by Plaintiff Stephen Morris. The Court has considered the parties' papers, relevant legal authority, and the record in this case. The Court DENIES Plaintiff's motion.

**BACKGROUND**

This case arises from Plaintiff's claim that Ernst & Young ("EY") misclassified him as exempt from the Fair Labor Standards Act ("FLSA") and California overtime rules when he worked for the firm from 2005 to 2007. It is one of several related cases that raised similar claims against EY. The first of those cases was filed in 2005. *See Ho v. Ernst & Young, LLP*, No. 05-cv-4867 ("*Ho*"). In 2011, Morris moved to be added as a class representative in *Ho* or, in the alternative to intervene. (*Ho*, Dkt. No. 309.) On January 11, 2012, the court denied Plaintiff's motion but noted he could file his own case. (*Id.*, Dkt. No. 322.)

In 2012, Plaintiff filed this lawsuit in the United States District Court for the Southern District of New York, despite the parties' agreement to arbitrate disputes. (*See* Declaration of Max Folkenflik ("Folkenflik Decl."), ¶ 2, Ex. A (E&Y Common Ground Dispute Resolution Program (the "Agreement")).) The case was transferred to this District, and EY moved to compel Plaintiff to arbitrate. On May 21, 2018, after many years of litigation regarding the enforceability

1  of the agreement, the United States Supreme Court upheld the agreement to arbitrate.  *See Epic*
2  *Systs. Corp. v. Lewis*, 584 U.S. 497 (2018).
3        The Supreme Court issued its mandate in June 2018, and during the subsequent four years,
4  Plaintiff failed to act.  In response to multiple requests for status updates, this Court finally
5  ordered Plaintiff to commence arbitration by no later than July 22, 2022.  On July 22, 2022, four
6  years and one month after the Supreme Court's mandate, Plaintiff commenced arbitration and
7  asserted the same FLSA and California law claims.
8        In the arbitration proceedings, EY filed a motion to dismiss on the basis that the claims
9  were barred by the applicable statutes of limitation.  EY argued the statute on the FLSA claim
10  expired before Plaintiff filed suit and argued the statute on the California claims resumed running
11  in 2018, when the Supreme Court determined that Plaintiff needed to pursue his claims in
12  arbitration.  The arbitrator granted EY's motion and dismissed the claims.  (Folkenflik Decl. ¶ 3,
13  Ex. B ("Decision").)
14        The Court will address additional facts in the analysis.

### ANALYSIS

16        The Court's review "is limited by the Federal Arbitration Act ['FAA'] which 'enumerates
17  limited grounds on which a federal court may vacate, modify, or correct an arbitral award.'"
18  *Lagstein v. Certain Underwriters at Lloyd's*, 607 F.3d 634, 640 (9th Cir. 2010) (quoting *Bosack v.*
19  *Soward¸* 586 F.3d 1096, 1102 (9th Cir. 2009)).  The FAA only permits the vacatur of an award
20  "where the arbitrators exceeded their powers." *Id.* at 641 (quoting 9 U.S.C. § 10(a)(4)).
21  "[A]rbitrators 'exceed their powers' … not when they merely interpret or apply the governing law
22  incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of
23  law.'" *Id.* (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th
24  Cir. 2003)).  "It is only when 'an arbitrator strays from interpretation and application of the
25  agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be
26  unenforceable." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (citations
27  omitted).  The Court concludes Plaintiff fails to meet this high burden.
28        A few of Plaintiff's arguments warrant summary analysis.  First, Plaintiff argues the

2

1  dispute centers on when an arbitration must be commenced and contends the Agreement is silent
2  on that issue.  The arbitrator's conclusion that adopting Plaintiff's position would lead to "absurd
3  outcome[s]" is far from irrational.  (Decision at 7.)  Second, Plaintiff argues he filed arbitration by
4  the July 22, 2022 deadline, so it and the claims were timely.  The Court did not rule that claims
5  filed by that date would be timely, nor could it.  (Agreement §§ II.B.1, II. C.5, IV.H.)

6  Turning to the issue presented to the arbitrator, Plaintiff argues the arbitrator ignored the
7  terms of the Agreement and the clear intent of the parties by failing to a choice of law provision
8  that provided for the application of New York law.  *See Stolt-Nielsen,* 559 U.S. at 669; *Coutee v.*
9  *Barington Capital Group, L.P.*, 336 F.3d 1128, 1134 (9th Cir. 2003).  The Agreement contains
10 two provisions addressing choice of law.  The provision on which Plaintiff relies is contained in a
11 section entitled "Other Matters."  (Agreement § V.G.) The other provision is contained in the
12 section of the Agreement that governs arbitration.  (*Id.* § IV.J.)

13 Plaintiff contends that the arbitrator reached the "completely irrational" conclusion that
14 because the FAA applied to the arbitration agreement generally, the choice of law provision in
15 Section V.G. could be disregarded.  Section V.G. states that the FAA applies to the "Program, …
16 procedures, and arbitration," and that New York law applies "to the extent" the FAA does not.
17 Once the Supreme Court found that the Agreement was governed by the FAA and was
18 enforceable, the "to the extent" clause was not triggered.  *Epic Systs.*, 584 U.S. at 502, 525.  As a
19 result, there was neither a conflict nor tension between the application of the two choice of law
20 provisions.  Simply put, New York law did not apply to the Program, the procedures in the
21 Program, the award that resulted, or to the substantive law governing the claims.

22 The substantive law to be applied to the claims is governed by Section IV.J, which states
23 that "in deciding a Covered Dispute, the Arbitrator will apply the substantive law, including
24 burdens of proof, that would be applied by a court in the venue of the arbitration."  Because a
25 court in this jurisdiction would apply California law to the California claim and FLSA law to the
26 FLSA claim, the arbitrator applied the correct substantive law, including the applicable statute of
27 limitations.  *Hambrecht & Quist Venture Partners v. Am. Med. Int'l, Inc.*, 38 Cal. App. 4th 1532,
28 1540-44 (1995) (construing an agreement which states that it "shall be governed by and construed

United States District Court
Northern District of California

in accordance with the laws of the State of Delaware" incorporates the statute of limitations under Delaware law); *cf. Albano v. Shea Homes Ltd. P'ship.,* 634 F.3d 524, 530 (9th Cir. 2011).

Plaintiff stopped working for EY in February 2007. Under the four year statute of limitations applicable to his California claims, he would have had to file suit by February 2011. EY assumed that the statute of limitations on Plaintiffs' claims would have been tolled during "the pendency of prior class actions in which [he] was a putative class member and … the filing of his lawsuit." (Declaration of Gregory W. Knopp, ¶ 3, Ex. B (Motion to Dismiss at 6 n.4; *see also id.* at 7:4-6).)

EY argued that once the Supreme Court issued its mandate, the clock began to run again and expired on June 25, 2022, at the latest. (*Id.* at 6:23-9:10.) It was neither irrational for the arbitrator to conclude that tolling ceased in June 2018 and that the statutes of limitations lapsed before Plaintiff initiated arbitration. Nor does the Decision demonstrate a "manifest disregard of the law" governing tolling. *See, e.g., Crown Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 350-54 (1983); *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553-54 (1974); *Bangert v. Narmco Materials, Inc.*, 163 Cal. App. 3d 207, 212-13 (1984).

Plaintiff also argues that the arbitrator ignored the fact that the Agreement requires mediation to proceed arbitration. The arbitrator did not ignore that term of the Agreement or conclude it was not a pre-condition. The arbitrator determined that provision did not impact the issue of whether the statute of limitations lapsed. (Decision at 7.) Plaintiff never argued that by participating in mediation EY waived a statute of limitations defense. Again, the Court concludes the Decision was neither irrational nor a manifest disregard of the law.

Accordingly, the Court DENIES Plaintiff's motion to vacate. In light of this ruling, the Court dismisses this case and enters judgment. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: July 22, 2024

_____
JEFFREY S. WHITE
United States District Judge

4